1. NEW YORK STOCK EXCHANGE—SEAT OF DECEASED MEMBER—TRANSFER TAX.
   A seat in the New York Stock Exchange is a privilege of value, and, on a transfer thereof after the owner's death, the amount received therefor, after deducting from the value of the seat such indebtedness as is owing to members of the exchange, is subject to taxation under the transfer tax law.

2. SAME—DEDUCTION OF UNITED STATES TAXES.
   In transferring property of a deceased under the transfer tax law, the tax is imposed on the estate of deceased as transferred on his decease, and not on so much as may remain after deduction of United States taxes.

3. SAME—DEDUCTIONS.
   Under the transfer tax law, where the entire personal estate of deceased exceeds the sum of $10,000, all legacies are taxable, whether they exceed $500 or not.

On the report of an appraiser appointed to appraise the taxable estate of Sylvester J. Curtis, deceased, the state and county treasurer object to certain findings.

James G. Graham, for county treasurer.
Gilbert O. Hulse, for executor.

HOWELL, S. An appraiser was heretofore appointed to appraise the taxable estate of the deceased, under the transfer tax law, and now, upon the presentation of his report, objections are made on behalf of the state comptroller and county treasurer to certain findings of the appraiser: First, there are objections to the valuations of various securities which had been held by the deceased; second, it is objected to the finding of the appraiser that a seat in the New York Stock Exchange held by him was not taxable property under the transfer tax law; third, it is objected to the finding of the appraiser that the United States revenue taxes should be first deducted from the bulk of the estate, and the remainder only be subject to the transfer tax of the state of New York.

I have carefully read the able and painstaking report of the appraiser and the evidence taken before him, and find:

1. The valuations of the securities have been carefully made to con-

form with the evidence, and in only two instances would it be possible, according to my judgment, to place two valuations upon the securities, and then the variation would only be from one-half to three-quarters per cent. I hold that the valuations are correct. The objector will find upon an examination of the appraiser's report that some of the items objected to were decided in his favor.

2. I am obliged to differ from the appraiser in his conclusion as to the seat in the New York Stock Exchange not being subject to taxation as property. In all cases cited by either side a membership privilege of this kind is held to be property. I will not stop to cite the authorities, as they all seem to me, however they may differ in other respects, to hold that a seat in a stock exchange is a privilege of value. The evidence taken in this proceeding shows that such a privilege is of such a very substantial value that many are seeking to get in the stock exchange and few to get out; that the transfer of a seat in the stock exchange during the month or two following the death of Mr. Curtis commanded from $37,000 to $39,000, besides the $1,000 additional initiation fee. The constitution of the exchange, and the evidence given by the secretary as to established customs, show that in case of the decease of a member the amount derived from the sale of his seat, less such sums as he may owe to the exchange or members, is turned over to his legal representatives. I find the value of this seat in the stock exchange to be $37,000; and his indebtedness to the exchange for dues and fines, $115; leaving a net valuation of $36,885 subject to taxation. This indebtedness of $115 appears in the lists of debts of the deceased, deducted from the general bulk of the estate. It should be taken out of that list, and charged against this particular item, which is bequeathed to Thomas E. H. Curtis.

3. That the appraiser, in deducting the amount of the United States revenue taxes upon this estate, erred. The transfer tax, under the laws of the state of New York, is imposed upon the estate of the deceased as transferred upon his decease, and not upon so much of it as may remain after the deduction of United States taxes.

I note that the appraiser has also excepted the two legacies of $500. It has been well settled that all legacies, whether they are in excess of $500 or not, are taxable if the entire personal estate exceeds the sum of $10,000. These items should not be deducted.

I direct, therefore, that an order be drawn, confirming the report of the appraiser in all respects, except that the item of $115 in the list of debts shall be transferred so as to be a lien upon, and deducted from, the value of the seat in the New York Stock Exchange; that such seat be valued at $37,000, subject to the payment of the said $115 for dues and fines, and be subject to taxation as a legacy to Thomas E. H. Curtis; that the United States taxes be not deducted; that the two legacies of $500 be not deducted, but be taxed. Decreed accordingly.